**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

| | |
|---|---|
| *United States Courthouse* | *Mailing Address* |
| *300 Virginia Street East* | *Post Office Box 1713* |
| *Charleston, WV 25301* | *Charleston, WV 25326* |
| *FAX: (304) 347-5104* | *(304) 345-2200* |
| | *1-800-659-8726* |



FILED

JUL 14 2009

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

July 7, 2009

Derrick W. Lefler
1345 Mercer Street
Princeton, WV  24740

      Re:  United States v. Thomas Browning
           Criminal No. 5:09-00065

Dear Mr. Lefler:

    This will confirm our conversations with regard to your client, Thomas Browning (hereinafter "Mr. Browning"). As a result of these conversations, it is agreed by and between the United States and Mr. Browning as follows:

    1.  **PENDING CHARGES**. Mr. Browning is charged in a two-count indictment as follows:

        (a)  Count One charges Mr. Browning with a violation of 18 U.S.C. § 1992(a)(10) (conspiracy to violate the Federal Train Wreck Act); and,

        (b)  Count Two charges Mr. Browning with a violation of 18 U.S.C. §§ 1992(a)(1) and 2 (violation of the Federal Train Wreck Act).

Defendant's initials

Derrick W. Lefler
July 7, 2009                           Re:  U.S. v. Thomas Browning
Page 2

    2. **CHARGING AGREEMENT.** Mr. Browning agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    3. **RESOLUTION OF CHARGES.** Mr. Browning will plead guilty to a violation of 18 U.S.C. § 371 (Conspiracy To Damage Railroad Property) as charged in said information. Following final disposition, the United States will move the Court to dismiss the two-count indictment in Criminal No. 5:09-00065 as to Mr. Browning.

    4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Browning will be exposed by virtue of this guilty plea is as follows:

    (a) a term of imprisonment for five years;

    (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c) A term of supervised release of three years;

    (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e) An order of restitution pursuant to 18 U.S.C. §§ 3663A and 3664, or as otherwise set forth in this plea agreement.

    5. **SPECIAL ASSESSMENT.** Mr. Browning has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Browning agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

_TB_
Defendant's initials

Derrick W. Lefler
July 7, 2009
Page 3                              Re:  U.S. v. Thomas
Browning

6. **RESTITUTION.** Notwithstanding the offense of conviction, Mr. Browning agrees that he owes restitution in the amount of $398,071 and agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Mr. Browning further agrees as follows:

(a) Mr. Browning agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Mr. Browning will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Mr. Browning agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d) Mr. Browning agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

_/TB/_

Defendant's
    initials

Derrick W. Lefler
July 7, 2009
Page 4
Browning

Re: U.S. v. Thomas Browning

(e) Mr. Browning agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court from ordering Mr. Browning to pay a greater or lesser sum of restitution in accordance with law.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Browning agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Browning further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8. **COOPERATION.** Mr. Browning will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Browning may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Browning, nothing contained in any statement or testimony provided by Mr. Browning pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Browning, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

Defendant's initials

Derrick W. Lefler
July 7, 2009
Page 5                           Re:   U.S. v. Thomas
Browning

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Browning for any violations of federal or state laws.
The United States reserves the right to prosecute Mr. Browning for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Browning stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Browning agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Browning, and he is subsequently tried on any of the charges in the indictment, the United States may use and introduce the "Stipulation of Facts" in the United States case-in-chief, in cross-examination of Mr. Browning or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Browning or on his behalf. Mr. Browning knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Browning understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the

_TB_
efendant's
        initials

D

Derrick W. Lefler
July 7, 2009
Page 6
Browning

Re:  U.S. v. Thomas

Court, the parties will not have the right to withdraw from the plea agreement.

12.  **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Browning agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count One of the Information:

| | |
|---|---|
| Base Offense Level 2B1.1(a)(1) | 6 |
| Loss Greater Than $200,000 (b)(1)(G) | 12 |

The parties, however, do not agree on the application of a two-point enhancement regarding whether the offense involved the reckless risk of death or serious bodily injury pursuant to §2B1.1(b)(13).

The United States and Mr. Browning acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13.  **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Both Mr. Browning and the United States may seek appellate review of a ruling by the District Court regarding the application of the two-point enhancement under USSG _ 2B1.1(b)(13) for an offense involving reckless risk of death or serious bodily injury. Nonetheless, Mr. Browning knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which

_TB_

Defendant's
     initials

Derrick W. Lefler
July 7, 2009
Page 7
Browning

Re: U.S. v. Thomas

the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to an adjusted offense level of 18, before consideration of acceptance of responsibility. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to an adjusted offense level of 20, before consideration of acceptance of responsibility.

Mr. Browning also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Browning knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

_TB_

Defendant's
 initials

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Browning;

(f) Advise the Court concerning the nature and extent of Mr. Browning's cooperation; and

(g) Address the Court regarding the issue of Mr. Browning's acceptance of responsibility.

16. **VOIDING OF AGREEMENT**. If either the United States or Mr. Browning violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Mr. Browning in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Browning in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
United States Attorney

_/TB/_

Defendant's initials

Derrick W. Lefler
July 7, 2009
Page 9

Re: U.S. v. Thomas Browning

By: _____
THOMAS C. RYAN
Assistant United States Attorney

TCR/slw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this nine-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
Thomas Browning
Defendant

7-9-09
Date Signed

_____
Derrick W. Lefler
Counsel for Defendant

7-9-09
Date Signed

Defendant's initials

Derrick W. Lefler
July 7, 2009
Page 10
Browning

Re:   U.S. v. Thomas

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                            CRIMINAL NO. _____
                                           18 U.S.C. § 371

**THOMAS BROWNING**

# I N F O R M A T I O N

The United States Attorney Charges:

### (Conspiracy to Damage Railroad Property In Violation of W. Va. Code _61-3-28(b)(4))

### Background

1. At all relevant times, the Norfolk Southern Railroad Company was a railroad carrier engaged in interstate and foreign commerce.

2. On or about August 28, 2005, a train derailed on a railroad track west of Baileysville, West Virginia (the "Derailment Site"). At all relevant times, the Derailment Site was within the territorial jurisdiction of the United States, that is, lands reserved or acquired for the use of the United States and under the concurrent jurisdiction thereof, in fact, the lands were property acquired by the United States Army Corps of Engineers known as R.D. Bailey Lake.

### The Conspiracy

3. On or about August 28, 2005, at or near Baileysville, Wyoming County, West Virginia, and within the Southern District of West Virginia, defendant THOMAS BROWNING and other individuals known

"Plea Agreement Exhibit A"

and unknown to the United States Attorney, did knowingly conspire to commit an offense against the United States, that is, a violation of 18 U.S.C. _ 13, in that the conspirators, without consent of the Norfolk Southern Railroad Company, removed an appurtenance from, damaged, and otherwise impaired the operation of a railroad signal system at the Derailment Site, on a railroad owned, leased, and operated by Norfolk Southern Railroad Company, in violation of W. Va. Code _61-3-28(b)(4).

## The Object Of The Conspiracy

4. It was an object of the conspiracy for defendant THOMAS BROWNING, and other individuals known and unknown to the United States Attorney, to enrich themselves by stealing copper wire owned by Norfolk Southern Railroad Company that was used as part of its signaling and dispatching system.

## The Manner And Means Of The Conspiracy

5. It was a part of the conspiracy that defendant THOMAS BROWNING and other individuals known and unknown to the United States Attorney would and did:

   a. Plan to steal copper wire belonging to Norfolk Southern Railroad Company for pecuniary gain;

   b. Travel to the Derailment Site;

   c. Place two metal "I-Beams" across the railroad track at the Derailment Site for the purpose of avoiding detection by stopping and interfering with any

"Plea Agreement Exhibit A"

    vehicle traveling on the track towards their location;

 d. Remove copper wire belonging to Norfolk Southern Railroad Company that is used in the operation of its railroad signal system and central dispatching system; and

 e. As a result of placing the metal I-Beams across the railroad track at the Derailment Site, they caused a train, which was carrying two passengers and freight, to derail when it struck the I-Beams.

## Overt Acts In Furtherance Of The Conspiracy

6. In furtherance of the conspiracy and to effect the object of the conspiracy, on or about August 28, 2005, defendant THOMAS BROWNING, met with others at the residence of one of his co-conspirators, situated in Lilleydale, Wyoming County, West Virginia, and did plan to steal copper wire later that same night from along railroad tracks owned by Norfolk Southern Railroad Company, which are situated on property acquired by the United States Army Corps of Engineers known as R.D. Bailey Lake.

7. In furtherance of the conspiracy and to effect the object of the conspiracy, on or about August 28, 2005, defendant THOMAS BROWNING, in concert with his co-conspirators, traveled to the Derailment Site for the purpose of removing appurtenances from, damaging, and otherwise impairing the operation of a railroad signal system, that is, to steal copper wire used to provide electricity to signals used by Norfolk Southern Railroad Company.

  In violation of Title 18, United States Code, Section 371.

UNITED STATES OF AMERICA

"Plea Agreement Exhibit A"

CHARLES T. MILLER
United States Attorney

By: _____
THOMAS C. RYAN
Assistant United States Attorney

"Plea Agreement Exhibit A"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**UNITED STATES OF AMERICA**

v.                                   CRIMINAL NO. _____

                                     18 U.S.C. 371

**THOMAS BROWNING**

## STIPULATION OF FACTS

The United States and Thomas Browning ("Mr. Browning") stipulate and agree that the facts comprising the offense of conviction include the following:

On August 28, 2005, Mr. Browning and Ricky Nichols trespassed onto train tracks owned and operated by Norfolk Southern Railroad Company for the purpose of stealing copper wire. The wire was used to supply electricity to railroad's signaling system. To avoid detection by railroad maintenance workers, two metal "I-Beams" were placed on the track just north of the trestle that crosses Route 97, south of Baileysville, Wyoming County, West Virginia.

At approximately 10 p.m., a Norfolk Southern train driven by a conductor and engineer that consisted of three locomotives and 150 railcars loaded with coal struck the two metal I-Beams. The I-Beams caused the locomotives and twenty-three cars to derail causing a loss to Norfolk Southern in the amount of $398,071.

The Derailment Site was located on property acquired by the United States Army Corp of Engineers as part of R.D. Bailey Lake.

Stipulated and agreed to:


_____        7-9-09
Thomas Browning                          Date
Defendant


"Plea Agreement Exhibit B"

_____   7-9-09
Derek Lefler                Date
Counsel for Defendant

_____   7/14/09
Thomas C. Ryan              Date
Assistant United States Attorney

"Plea Agreement Exhibit B"